NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 12 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| C. Q., a minor, by and through Guardians Ad Litem Saku Quezada and Pablo Quezada,<br><br>              Plaintiff-Appellee,<br><br> v.<br><br>RIVER SPRINGS CHARTER SCHOOLS, a California Local Education Agency,<br><br>              Defendant-Appellant. | No.    18-55779<br><br>D.C. No.<br>5:18-cv-01017-SJO-SHK<br><br><br>MEMORANDUM<sup>*</sup> |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted December 7, 2018
Pasadena, California

Before:  RAWLINSON and BEA, Circuit Judges, and SETTLE,** District Judge.

Defendant-Appellant River Springs Charter Schools ("River Springs")

informed Plaintiff-Appellee C.Q. ("C.Q.") that River Springs would transfer her to

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Benjamin H. Settle, United States District Judge for the Western District of Washington, sitting by designation.

a different school during spring break of her current semester. C.Q. qualifies for protection under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.*, and filed a motion with the state administrative agency requesting an order to stay put at the school she was currently attending, Prentice. *See* 20 U.S.C. § 1415(j) (students entitled to stay-put at then-current educational setting while legal dispute proceeds). After the Administrative Law Judge ("ALJ") denied C.Q.'s motion and failed to determine C.Q.'s then-current educational setting, C.Q. filed a complaint in the district court and motion for preliminary injunctive relief requesting Prentice as her stay-put placement. The district court conducted a de novo review of the issue and granted C.Q.'s motion. River Springs timely appealed. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's grant of preliminary injunctive relief for abuse of discretion. *Am. Trucking Ass'ns, Inc. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009) (citing *Lands Council v. Martin*, 479 F.3d 636, 639 (9th Cir. 2007)). A district court abuses its discretion if it bases its decision on an erroneous legal standard or clearly erroneous findings of fact. *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1021 (9th Cir. 2009) (citing *Am. Trucking*, 559 F.3d at 1052). Thus, application of an incorrect legal standard in granting preliminary injunctive relief or with regard to an underlying issue is grounds for reversal. *See Earth Island Inst. v. U.S. Forest Serv.*, 351 F.3d 1291, 1298 (9th Cir. 2003) (citation omitted).

18-55779

In this case, River Springs argues that the district court applied an incorrect legal standard by conducting a de novo review instead of implementing the traditional four-factor test for preliminary injunctive relief, which requires the plaintiff to establish that: (1) she "is likely to succeed on the merits"; (2) she "is likely to suffer irreparable harm in the absence of preliminary relief"; (3) "the balance of equities tips in [her] favor"; and (4) "an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). While district courts throughout this circuit have applied both the de novo standard and the traditional four-factor test, this court has yet to consider the issue of the appropriate standard of review when an ALJ fails to determine a student's stay-put placement.

Upon review of the record, we find no need to answer this standard of review question because, even under the more stringent four-factor test, we find that C.Q. has met her burden to establish that preliminary injunctive relief was warranted. We find that C.Q. was likely to succeed on the merits because Prentice was the only rational then-current placement. The homeschool program was not a nonpublic school as required by the IEP, and C.Q. was not currently enrolled in a homeschool program when River Springs proposed the transfer to Flabob. Similarly, Flabob was not an available alternative because C.Q. was not currently attending Flabob. Thus, the district court did not abuse its discretion in eliminating

the homeschool alternative and Flabob and concluding that Prentice was C.Q.'s then-current placement.

Furthermore, the other three factors weigh in favor of preliminary relief. We agree with the district court that C.Q. would suffer irreparable harm in the absence of relief because River Springs intended to transfer her to a new school in the middle of the current semester causing an immediate disruption in her education. The balance of hardships tips in C.Q.'s favor, and the public has an interest in maintaining a child's then-current educational environment while the parties litigate the disputed transfer. Therefore, we affirm the district court's issuance of the injunction.

**AFFIRMED**.

18-55779



*C.Q. v. River Springs Charter Schools*, **Case No. 18-55779**
**Rawlinson, Circuit Judge, concurring in the result**

I concur in the result reached by the majority because, and only because, the Administrative Law Judge (ALJ) relied on out-of-circuit authority to support her decision regarding the effect of a temporary placement on the "stay-put" determination. In the absence of binding authority supporting the ALJ's conclusion, I am unable to conclude that the district court abused its discretion in granting injunctive relief. *See Johnson ex. rel. Johnson v. Special Educ. Hearing Office*, 287 F.3d 1176, 1179 (9th Cir. 2002) (noting that a district court abuses its discretion when it commits an error of law).

1